Marlene **KELLY**, Personal Representative of the Estate of Glenn L. Kelly, Deceased, Larry Z. Stephens, Personal Representative of the Estate of Ty Jay Stephens, Deceased, and Barbara Moreno, as Guardian of Cordell Rogers, an incapacitated person, Plaintiffs,

v.

**CASWELL & COMPANY**, a Michigan corporation, Ivan Arnold, Sr., and Agnes Arnold, d/b/a, Arnold's Amusements, and RMP Corporation, a Delaware corporation, jointly and severally, Defendants.

Civ. A. No. 93–72205.

United States District Court,
E.D. Michigan,
Southern Division.

April 14, 1995.

Richard M. Goodman, Thomas W. Stephens, Goodman, Lister & Peters, Detroit, MI, for Barbara Moreno.

James Sukkar, Harvey, Kruse, Western & Milan PC, Troy, MI, John E. Scott, Dickinson, Wright, Moon, Van Dusen & Freeman, Detroit, MI, for Ford Motor Co.

Wayne D. Gardner, Kohl, Secrest, Wardle, Lynch, Clark & Hampton, Farmington Hills, MI, for Caswell Co.

Edward M. Kronk, Robert E. Norton, Butzel Long, P.C., Detroit, MI, for Fleetwood Ent. Inc.

Frank W. Brochert, Plunkett & Cooney, Detroit, MI, for Ivan Arnold.

William E. McDonald, Robert E. Attmore, Cholette, Perkins & Buchanan, Grand Rapids, MI, for Theodore Frank Egleston.

David G. Sekerak, Beresh & Prokopp, Novi, MI, for RMP Corp.

### MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

GADOLA, District Judge.

This action arises out of a June 18, 1991 accident in which plaintiffs' decedents, Ty Jay Stephens and Glenn L. Kelly, and plaintiff's legal charge, Cordell Rogers, (hereinafter "plaintiffs") were poisoned by carbon monoxide fumes as they slept in a motor home at a rest area on US 131 in Montcalm, Michigan. The complaint alleges that plaintiffs were employed by Arnold's Amusements as temporary seasonal workers and that defendants Ivan Arnold, Sr. and Agnes Arnold d/b/a Arnold's Amusements ("defendants") are liable for plaintiffs' injuries. Defendants Ivan and Agnes Arnold argue that they are not liable for plaintiffs' injuries because they did not owe any duty to the plaintiffs. Be-

fore the court is defendants' motion for summary judgment.

## I. Facts

In May of 1991, plaintiffs travelled from their homes in Utah to Michigan to work for the summer. Plaintiffs allege that they worked for Arnold's Amusements, an amusement company which operates carnivals in Michigan and Florida. During that summer, Steven Rosenberg was the foreman for Arnold's Amusements. Steven and Sandra Rosenberg were also self-employed with their concession wagon, selling pastries called "elephant ears." The Rosenbergs paid rent to Arnold's Amusements for the right to sell their "elephant ears" at the various carnival sites. Kelly and Stephens worked for the Rosenbergs in their concession stand and Rogers worked for Arnold's Amusements at the "skee ball" game. All three plaintiffs also were paid extra money in cash directly by Arnold's Amusements for their assistance in setting up and tearing down the carnival at some of the carnival sites.

According to Rogers, on June 17, 1991, Rogers, Kelly and Stephens were up until about 4:00 a.m. fixing rides for Arnold's Amusements at the carnival site in Redford because a storm had caused damage to some of the rides. The next site for the carnival was Cadillac, Michigan. On June 17, 1991, Sandra Rosenberg, Kelly, Stephens and Rogers left Redford and travelled to Middleville. The group picked up a 1973 Dodge Motor Home, Tioga Camper from the home of Sandra Rosenberg's parents. Steven Rosenberg joined the group in Middleville later that day. Steven Rosenberg states that he informed Tom Arnold, a Manager at Arnold's Amusements and the son of Ivan and Agnes Arnold, that Rosenberg was travelling to Middleville to pick up a motor home so plaintiffs would have a place to stay and that the group would meet the Arnolds in Cadillac.

On June 18, 1991, at approximately 1:30 a.m., the plaintiffs and the Rosenbergs left Middleville and began travelling to Cadillac. Steven Rosenberg felt that he had a duty to be in Cadillac the morning of June 18, 1991 to help set up the carnival because he was foreman for Arnold's Amusements. Steven Rosenberg, accompanied by Kelly, was driv-

ing a stock truck. Stephens, accompanied by Rogers, was driving the motor home. Sandra Rosenberg was driving a third truck, which was pulling the Rosenbergs' travel trailer. At about 4:30 a.m. on June 18, 1991, the three vehicles pulled into a rest stop near US 131 because the headlights on Steven Rosenberg's truck stopped working. According to Steven Rosenberg, he decided to hook up the motor home to the stock truck with jumper cables and let the truck charge for one hour. Steven Rosenberg then went to sleep in his trailer. The plaintiffs were going to remain in the motor home to play cards and were to wake up Steven Rosenberg in an hour. Plaintiffs never woke up Steven Rosenberg. Instead, Sandra Rosenberg woke up Steven Rosenberg sometime after 10:00 a.m. and he went to the motor home. He opened the door to the motor home and told the plaintiffs to wake up. None of the plaintiffs responded. At that time, Rosenberg checked the vital signs of the plaintiffs and realized that Kelly and Stephens were not breathing and Rogers was breathing irregularly. Steven Rosenberg shut off the motor home, carried Rogers out of the motor home and yelled for his wife. Sandra Rosenberg then started screaming for someone to call 911.

Plaintiffs' complaint alleges that plaintiffs were employed by Arnold's Amusements as temporary seasonal carnival workers and were being transported as part of the travelling carnival, pursuant to defendants Arnolds' obligation to provide plaintiffs with a safe place to work and safe transportation. Plaintiffs' second amended complaint, para. 34–35. Plaintiffs' complaint alleges that defendants owed a duty of reasonable care to plaintiffs in the "employment, transportation, supervision, safety policies, training, equipping and protection of plaintiffs to prevent foreseeable harm to plaintiffs and provide them with a safe place to work." Plaintiffs' second amended complaint, para. 37. Plaintiffs' complaint alleges that defendants Arnold and their employees breached the duty of care by negligently providing a defective and hazardous vehicle for transporting plaintiffs, employing negligent employees, failing to use reasonable care in their safety policies,

failing to use reasonable care to inspect the 1973 Tioga motor home, failing to provide plaintiffs with reasonable warning regarding the condition and safe use of the motor home and creating a nuisance. Plaintiffs' second amended complaint, para. 38. Before the court is defendants' motion for summary judgment. Defendants argue that Kelly and Stephens never worked for defendants and that Rogers quit shortly before June 18, 1991. Defendants also argue that these disputed facts are immaterial to their motion for summary judgment.

## II. Standard of Review

■ Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "A fact is 'material' and precludes grant of summary judgment if proof of that fact would have [the] effect of establishing or refuting one of the essential elements of the cause of action or defense asserted by the parties, and would necessarily affect [the] application of appropriate principle[s] of law to the rights and obligations of the parties." *Kendall v. Hoover Co.,* 751 F.2d 171, 174 (6th Cir.1984) (quoting Black's Law Dictionary 881 (6th ed. 1979)) (citation omitted). The Court must view the evidence in a light most favorable to the nonmovant as well as draw all reasonable inferences in the nonmovant's favor. *See United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962); *Bender v. Southland Corp.,* 749 F.2d 1205, 1210–11 (6th Cir.1984).

■ The movant bears the burden of demonstrating the absence of all genuine issues of material fact. *See Gregg v. Allen–Bradley Co.,* 801 F.2d 859, 861 (6th Cir.1986). The initial burden on the movant is not as formidable as some decisions have indicated. The moving party need not produce evidence showing the absence of a genuine issue of material fact; rather, "the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence

to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). Once the moving party discharges that burden, the burden shifts to the nonmoving party to set forth specific facts showing a genuine triable issue. Fed.R.Civ.P. 56(e); *Gregg,* 801 F.2d at 861.

■ To create a genuine issue of material fact, however, the nonmovant must do more than present some evidence on a disputed issue. As the United States Supreme Court stated in *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986),

> There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [nonmovant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

(Citations omitted); *see also Celotex,* 477 U.S. at 322–23, 106 S.Ct. at 2552–53; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986). The standard for summary judgment mirrors the standard for a directed verdict under Fed.R.Civ.P. 50(a). *Anderson,* 477 U.S. at 250, 106 S.Ct. at 2511. Consequently, a nonmovant must do more than raise some doubt as to the existence of a fact; the nonmovant must produce evidence that would be sufficient to require submission of the issue to the jury. *Lucas v. Leaseway Multi Transp. Serv., Inc.,* 738 F.Supp. 214, 217 (E.D.Mich.1990), *aff'd,* 929 F.2d 701 (6th Cir.1991). The evidence itself need not be the sort admissible at trial. *Ashbrook v. Block,* 917 F.2d 918, 921 (6th Cir.1990). However, the evidence must be more than the nonmovant's own pleadings and affidavits. *Id.*

## III. Analysis

■ To establish a *prima facie* case of negligence, the plaintiff must prove: (1) that the defendant owed a duty to the plaintiff; (2) that the defendant breached the duty; (3) that the defendant's breach of duty was a proximate cause of the plaintiff's damages;

and (4) that the plaintiff suffered damages. *Jackson v. Oliver,* 204 Mich.App. 122, 125, 514 N.W.2d 195 (1994). In order to assert negligence, plaintiff must first establish the existence of a duty owed by the defendant to the plaintiff. *Id.* Duty is a question of law for the courts to determine. *Id.* (citing *Moning v. Alfono,* 400 Mich. 425, 438–439, 254 N.W.2d 759 (1977)). Duty is essentially a question of whether the relationship between the actor and the injured person gives rise to any legal obligation on the actor's part for the benefit of the injured person. *Moning v. Alfono,* 400 Mich. 425, 438–439, 254 N.W.2d 759 (1977). Defendants argue that the court should grant summary judgment in favor of defendants because defendants did not owe plaintiffs any duty under law.

■ If Rosenberg was an independent contractor at the time of the accident and plaintiffs were Rosenberg's employees, then Michigan law would generally shield defendants Arnold from liability to plaintiffs. An employer of an independent contractor is generally not liable for injuries to the independent contractor's employees arising out of the contractor's failure to safely use equipment. *White v. Chrysler Corp.,* 421 Mich. 192, 364 N.W.2d 619 (1984). There are exceptions to this doctrine, but they were not discussed by the parties. Instead, plaintiffs argue that Rosenberg was not an independent contractor at the time of the accident. Plaintiffs argue that Rosenberg was acting within the scope of his employment as the foreman for Arnold's Amusements because he was driving to Cadillac the morning of June 18, 1991 in order to set up the carnival. Plaintiffs argue that there is at least a material issue of fact as to whether Rosenberg was defendants' employee or an independent contractor and cite several cases to support this argument. *See Guy v. Cincinnati Northern Railroad,* 198 Mich. 140, 166 N.W. 667 (1917), *cert. denied,* 246 U.S. 668, 38 S.Ct. 336, 62 L.Ed. 930 (1918)[1]; *Heatherly v.*

*Tri–State Motor Exp.,* 304 Mich. 303, 8 N.W.2d 75 (1943); *Jenkins v. Raleigh Trucking Services, Inc.,* 187 Mich.App. 424, 468 N.W.2d 64 (1991), *lv. denied,* 440 Mich. 862, 486 N.W.2d 695 (1992).

Defendants argue that even if Rosenberg is considered their employee, they still did not owe any duty to plaintiffs. Defendants argue that based on the allegations in plaintiffs' complaint and response to defendants' motion for summary judgment, plaintiffs were either employees of defendants Arnold or independent contractors for defendants Arnold. Defendants Arnold argue that in either case, defendants did not owe any duty to plaintiffs. Plaintiffs argue that defendants did owe plaintiffs a duty and that the issue of defendants' liability must be submitted to the jury.

■ Defendants argue that if plaintiffs were employees of defendants, then as a matter of law, plaintiffs' common law claims are barred by the Exclusive Remedy Provision of the Worker's Disability Compensation Act ("WDCA"), Mich.Comp.Laws Ann. § 418.131. The WDCA is the exclusive remedy for employees to recover from employers for negligence resulting in personal injury or death.[2] *Golec v. Metal Exchange Corp.,* 208 Mich.App. 380, 528 N.W.2d 756 (1995); *Smith v. Mirror Lite Co.,* 196 Mich.App. 190, 492 N.W.2d 744 (1992). Plaintiffs do not address this issue in their response to defendants' motion for summary judgment. However, plaintiffs assert that they "do not contend that they [plaintiffs] were regular employees of defendants, only that their involvement with defendants' carnival and the role of Mr. Rosenberg in their injuries make it fair and lawful to impose liability on defendants for negligence under all the circumstances of the case." Plaintiffs' response to defendants' motion for summary judgment, at 13 n. 4. During oral argument, plaintiffs denied that they were employees of defen-

---

1. In *Guy,* plaintiff alleged that he was an employee of the defendant. To the extent that plaintiffs use this case to create a duty from defendants to plaintiffs due to plaintiffs' status as employees, the court will address below defendants' duty to plaintiffs if plaintiffs are employees of defendants.

2. There is an exception for intentional torts, but plaintiffs have not alleged that defendants intentionally injured plaintiffs.

dants under the definition of employee in the WDCA.

Defendants argue that even if plaintiffs were independent contractors of defendants and Rosenberg was defendants' agent, defendants did not owe plaintiffs any duty.[3] Defendants argue that one who supplies allegedly defective equipment to an independent contractor owes no duty to the contractor with respect to that equipment. To support this proposition, defendants cite *Muscat v. Khalil*, 150 Mich.App. 114, 388 N.W.2d 267 (1986), *lv. denied*, 425 Mich. 864 (1986). However, defendants have incorrectly interpreted the holding of the *Muscat* case.

In *Muscat*, an independent contractor alleged that a homeowner provided the contractor with a defective ladder. The court ruled that the homeowner could not be held responsible for the manufacturer's failure to provide warnings in connection with the use of the ladder. *Id.* at 125. The court explained that in order for plaintiff to recover, plaintiff had to trace the alleged defect in the ladder to the hands of the defendants and prove that the defendants' negligence was the cause of the defect. *Id.* at 125. The court analyzed the facts of the case and determined that plaintiff would not be able to prove negligence and trace the defect to defendants. *Id.* at 125. Defendants Arnold do not argue that plaintiffs would be unable to prove negligence. Instead, defendants argue that under *Muscat* defendants did not owe any duty to plaintiffs. However, the *Muscat* case did not hold that an employer does not owe any duty to an independent contractor when the employer provides a defective instrument. Furthermore, unlike the homeowner in *Muscat* who merely told the contractor where to find the ladder, Steven Rosenberg took an active role in the accident which caused plaintiffs' injuries when he hooked up the jumper cables to the motor home in order to charge his truck and then went to sleep.

Defendants have been unable to support their argument that defendants did not owe plaintiffs any duty. A material dispute of fact exists regarding the nature of the business relationship between defendants Arnold, plaintiffs and Steven Rosenberg. Therefore, the court is precluded from granting defendants' motion for summary judgment.[4]

### ORDER

Therefore, it is hereby **ORDERED** that defendants' motion for summary judgment is **DENIED.**

**SO ORDERED.**

---

3. Plaintiffs argue that Rosenberg was acting within the scope of his employment at the time of the accident because he and the plaintiffs were travelling through Middleville for the "dual purpose" of picking up the motor home and rejoining the carnival to set up the next site. Plaintiffs also argue that defendants are liable for plaintiffs' injuries as joint venturers with the Rosenbergs. Defendants' reply argues that even if Rosenberg was defendants' agent and defendants provided the motor home, defendants are not liable to plaintiffs. Therefore, the court need not address plaintiffs' arguments regarding the "dual purpose" of the trip from Middleville to Cadillac and the status of defendants as joint venturers with the Rosenbergs.

4. Plaintiffs also request that they be permitted to amend their complaint. However, plaintiffs have not provided any proposed amendment to their complaint. Also, plaintiffs have not filed a formal motion requesting leave of the court to amend their complaint. Therefore, the court will not grant plaintiffs' request.